UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LLOYD DUHON,

    Plaintiff,

v.                                                    Case No: 2:18-cv-486-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is the Complaint, filed on July 12, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the Plaintiff unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505-.1511, 416.905-.911.

B.     **Procedural History**

On August 25, 2016, Plaintiff filed an application for disability insurance benefits. (Tr. at 265). Plaintiff alleged an onset date of June 1, 2016. (*Id.* at 317). Plaintiff's application was denied initially on December 15, 2016, and on reconsideration on April 25, 2017. (*Id.* at 265, 282). A hearing was held before Administrative Law Judge ("ALJ") William G. Reamon on October 19, 2017 in Fort Myers, Florida. (*Id.* at 195). The ALJ issued an unfavorable decision on November 13, 2017, finding Plaintiff not to be under a disability from June 1, 2016 through the date of the decision. (*Id.* at 98-99).

On May 8, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-7). Plaintiff filed a Complaint in the United States District Court on July 12, 2018. (Doc. 1). This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 10).

C.     **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a Plaintiff has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the Plaintiff: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R.

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The Plaintiff has the burden of proof through step four, and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. (Tr. at 88). At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2016, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the cervical and lumbar spine; right shoulder arthralgias; an affective disorder; and [sic] anxiety disorder; and a substance addiction disorder." (*Id.* (citing 20 C.F.R. 404.1520(c))). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* (citing 20 C.F.R. 404.1520(d), 404.1525, and 404.1526)). At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant would be limited to frequent right upper extremity pushing and pulling and frequent bilateral overhead reaching. The claimant would have no particular handling or fingering limitations. The claimant would be unable to climb ladders or scaffolds. He would be able to frequently climb ramp and stairs. He could frequently balance, stoop, kneel and crouch, and occasionally crawl. The claimant would need to avoid concentrated exposure to extremes of cold, wet, vibration and hazards, such as dangerous moving machinery and unprotected heights. He would be limited to SVP 2 level work or below, and can tolerate occasional supervisory,

> general public or employee interaction. The claimant can tolerate
> work with frequent work setting or work process adjustments.

(*Id.* at 90).

The ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. (*Id.* at 97). The ALJ considered Plaintiff's age, education, work experience, and RFC and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could performed. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that an individual with Plaintiff's age, education, work experience, and RFC would have been able to perform: (1) sorter, DOT # 569.687-022, light exertional level, and SVP 2; (2) marker, DOT # 209.587-034, light exertional level, and SVP 2; and (3) bagger, light exertional level, and SVP 1.[2] (*Id.* at 98). The ALJ concluded that Plaintiff was not under a disability from June 1, 2016 through the date of the decision. (*Id.*).

D. **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (noting that court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises two issues. As stated by the parties, they are:

(1) Whether the ALJ adequately addressed the opinion of the VA Compensation and Pension Examiner, Dr. Gorman; and

(2) Whether the ALJ gave an adequate explanation for rejecting Plaintiff's VA Disability Rating.

(Doc. 14 at 16, 23).

### A. Whether the ALJ Adequately Addressed the Opinion of the VA Compensation and Pension Examiner, Dr. Gorman

#### 1. Legal Standard

The Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's

5

physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).

An ALJ is required to consider *every* medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). As noted above, an ALJ *must* state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179. Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

Although a one-time examining physician's opinion may not be entitled to deference, the "opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (quoting *Oldham v. Schweiker*, 66 F.2d 1078, 1084 (5th Cir. 1981)); *see also Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1271 (M.D. Fla. 2012).

### 2. Analysis

Plaintiff argues that the ALJ improperly failed to weigh the opinion of Dr. Gorman, the VA compensation and pension examiner. The only portion of Dr. Gorman's opinion discussed in the ALJ's decision was her determination that Plaintiff did not suffer from PTSD. (Doc. 14 at 16 (citing Tr. at 575-76)). But Plaintiff points out that Dr. Gorman also found that Plaintiff "suffers from a panic disorder, major depressive order, and a trauma- and stress-related

disorder." (*Id.*). Plaintiff further notes that Dr. Gorman wrote that "Plaintiff has near-continuous panic or depression that affects his ability to function independently, appropriately, and effectively," that "Plaintiff would have '[d]ifficulty in establishing and maintaining effective work and social relationships,'" and that "Plaintiff is a persistent danger to himself or others." (*Id.* (citing Tr. at 575-77)).

Plaintiff argues that the ALJ's failure to explain what, if any, weight he gave to Dr. Gorman's opinion violates both Eleventh Circuit precedent and SSR 06-03p. (*Id.* at 17 (citing *Winschel*, 631 F.3d at 1180). Moreover, he alleges that this error is not harmless because Dr. Gorman's opinion undermines the ALJ's finding that Plaintiff can perform a range of simple, unskilled work. (*Id.*). Plaintiff argues that this failure to consider Dr. Gorman's opinion constitutes error particularly in light of the fact that "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." (*Id.* at 17-18 (quoting SSR 85-15)). Thus, Plaintiff alleges that the ALJ should have weighed Dr. Gorman's opinion and determined whether it was consistent with the other evidence in the record. (*Id.* at 18).

Defendant responds that while medical source opinions are relevant to an ALJ's determination of disability, "they are not determinative because the ALJ is charged with determining a claimant's RFC." (*Id.* at 19). Defendant further outlines the evidence presented supporting the ALJ's decision, arguing that there is substantial evidence that Plaintiff had the RFC to perform a modified range of light work and that the ALJ properly considered the state agency's reviewing physicians. (*Id.* at 19, 21).

Here, the only indication the ALJ considered Dr. Gorman's opinion is a passing reference to notes from January 12, 2017 (the date that Dr. Gorman examined Plaintiff) that Plaintiff's symptoms "did not meet the diagnostic criteria for PTSD." (*See* Tr. at 93). However, the ALJ makes no mention of Dr. Gorman by name nor discusses Dr. Gorman's other notes and opinions. Dr. Gorman's summary states that while Plaintiff does not have PTSD, he "has another Mental Disorder diagnosis." (*Id.* at 570) (emphasis omitted). As noted by Plaintiff, Dr. Gorman further found that Plaintiff suffers from a panic disorder, major depressive order, and other trauma- and stress-related disorder. (Tr. at 570-71). Dr. Gorman further determined that, among other symptoms, Plaintiff has "[n]ear-continuous panic or depression affecting his ability to function independently, appropriately, and effectively," Plaintiff has "[d]ifficulty in establishing and maintaining effective work and social relationships," and Plaintiff is a "[p]ersistent danger to himself or others." (*Id.* at 576-77).

As noted above, ALJs are required to consider *every* medical opinion, *Bennett*, 2009 WL 2868924, at *2 (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)), and to state with particularity the weight given to the medical opinions and the reasons therefor, *Winschel*, 631 F.3d at 1179. In this case, because the ALJ failed to consider Dr. Gorman's medical opinion or state with particularity the weight given to it and the reasons therefor, the Court finds that the ALJ erred.

Defendant argues that these limitations identified by Dr. Gorman are "a series of checkbox notations under the category entitled 'Symptoms,' where Dr. Gorman memorialized the symptoms reported by Plaintiff." (Doc. 18 at 22). While these notations are listed as checkbox notations, there is no indication that these are merely memorializations of Plaintiff's self-reported symptoms and not Dr. Gorman's opinions. (*See* Tr. at 576-77). And while it is possible that the ALJ considered and rejected Dr. Gorman's opinion on this or on another basis,

it is impossible for the Court to tell upon what basis the ALJ did so. *See, e.g.*, *Herrera v. Astrue*, No. 3:10-CV-00293-J-JBT, 2011 WL 816797, at *3 (M.D. Fla. Mar. 2, 2011) ("[A] court may not merely presume that if the ALJ did not discuss a medical opinion, the opinion must have been given little or no weight." (citing *Winschel*, 631 F.3d at 1179)).

Finally, Defendant argues that Plaintiff fails to show how consideration of Dr. Gorman's opinion would change the ALJ's decision. (Doc. 14 at 23). On this point, however, the Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citing *FPC v. Texaco, Inc.*, 417 U.S. 380, 397 (1974)); *see also Williams v. Comm'r of Soc. Sec.*, No. 6:13-CV-1667-ORL-GJK, 2015 WL 1003852, at *2 n.3 (M.D. Fla. Mar. 6, 2015). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker*, 384 F. App'x at 896. Here, although Defendant set forth arguments that the ALJ's ultimate decision would not have changed, the fact remains that the ALJ did not articulate any of these reasons in his decision. As a result, the Court need not accept Defendant's *post-hoc* rationalization for the agency's actions. *See id.* Furthermore, the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See Denomme*, 518 F. App'x at 877-78. Thus, the Court cannot find that the ALJ's error was harmless on this basis.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on an issue that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including the opinion evidence. Because a re-evaluation of this evidence may impact the analysis of other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining arguments would be premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

**III. Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner (1) to review and give weight to Dr. Gorman's medical opinion and (2) to review the entire medical evidence of record.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 10, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties